UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ISABELLE C. JACKSON,
On behalf of herself and all others
similarly situated,
    Plaintiff

v.

COMMONWEALTH RECEIVABLES, INC., and
CHAD E. GOLDSTONE,
    Defendants

05 11381 MLW

## COMPLAINT AND JURY CLAIM

### Introduction

Plaintiff brings this action to obtain redress for defendants' multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"). Plaintiff asserts both individual and class claims for relief. The class claims arise out of defendants' conduct in carrying out a debt collection business without having procured a license to do so as required by Massachusetts law.

### Parties

1. The Plaintiff, Isabelle C. Jackson, is an individual who at all times relevant to this complaint has resided in Cambridge, Middlesex County, Massachusetts.

2. Defendant Commonwealth Receivables, Inc. ("Commonwealth") is a Massachusetts corporation which, on information and belief, maintains a principal place of business in Watertown, Massachusetts. Commonwealth is engaged in the business of collecting debts in Massachusetts.

3. Defendant Chad E. Goldstone ("Goldstone") is an individual who, on information and belief, resides in the Commonwealth of Massachusetts.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction of this action on the basis of 15 U.S.C. §1692(k)(d).

5. Commonwealth is subject to the jurisdiction of this Court since it is a Massachusetts corporation and maintains a principal place of business in the Commonwealth of Massachusetts. Goldstone is subject to the jurisdiction of this Court since, on information and belief, he is a resident of the Commonwealth or was a resident of the Commonwealth during some or all of the time the subject conduct took place, and operated Commonwealth as his agent. Venue is proper in this district as both the plaintiff and Commonwealth are situated in said district, and on information and belief, Goldstone resides in said district or resided in said district during some or all of the time the subject conduct took place.

## Factual Allegations Common to All Counts

6. Commonwealth is a "debt collector" within the scope of 15 U.S.C. §1692a(6) in that it uses the mails in carrying on a business the principal purpose of which is the collection of any debts.

7. Commonwealth is a "debt collector" within the scope of 15 U.S.C. §1692a(6) in that it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. On information and belief, Commonwealth buys consumer debts from various creditors after default, or is assigned said debts for purposes of collecting on same.

2

9. On information and belief, Goldstone has been personally and directly involved in all aspects of the business operations of Commonwealth, including but not limited to the unlawful debt collection activities which are the subject of this lawsuit, and has formulated and implemented the policies and procedures which resulted in the violations of law set forth herein. Goldstone is therefore jointly and severally liable for all harm caused thereby.

10. On information and belief, Goldstone has exercised control over Commonwealth such that it became his mere agent and instrumentality, and used Commonwealth to carry out unlawful debt collection activities as stated herein in order to enrich himself at the expense of plaintiff and class members. Plaintiff further alleges, on information and belief, that Commonwealth lacks all or most indicia of a bona fide corporation insofar as it is not adequately capitalized, does not observe corporate formalities, does not have independent directors, and does not hold regular directors' and shareholder meetings. Moreover, only one person – to wit, Goldstone – occupies all executive positions of Commonwealth and utilizes same as his alter ego. Accordingly, Goldstone is jointly and severally liable with Commonwealth for all harm resulting from the unlawful conduct alleged herein.

11. On or after July 1, 2004, defendants began a course of debt collection activity directed toward plaintiff.

12. According to defendants, the debt which was the subject of their collection activity against plaintiff arose out of plaintiff's ownership and/or use of a UCNB credit card, which account Commonwealth claimed to have acquired.

13. The defendants' debt collection activity included, but was not limited to, sending

letters to plaintiff regarding the alleged debt, telephoning the plaintiff regarding the alleged debt, and filing suit against the plaintiff on the alleged debt in the Cambridge District Court. Two of the letters sent to the plaintiff are appended hereto as Exhibit A and Exhibit B.

14. Massachusetts General Laws Chapter 93, Section 24A(a) provides in pertinent part:

> No person shall directly or indirectly engage in the Commonwealth in the business of a debt collector . . . without first obtaining from the commissioner a license to carry on the business. . . .

15. Neither defendant was licensed as a debt collector by the Commissioner of Banks, Commonwealth of Massachusetts, at any time during the period defendants carried out debt collection activity against the plaintiff.

16. Commonwealth brought suit against plaintiff on the alleged debt in the Cambridge District Court, Docket No. 2005-SC-764.

17. Said suit was scheduled for trial on June 2, 2005.

18. On June 2, 2005, plaintiff appeared at the Cambridge District Court and spoke to an attorney representing Commonwealth.

19. In speaking to Commonwealth's attorney, plaintiff learned that the attorney did not have any documents in her file which showed that plaintiff used or owned the credit card in question, or which showed that Commonwealth owned or otherwise had the right to bring suit on the alleged debt.

20. Commonwealth's claim against plaintiff was dismissed by the Court after hearing.

## Individual Claims

### COUNT I

**(Violations of 15 U.S.C. §1692e – No Legal Basis for Threatening Suit)**

21. The allegations of paragraphs 1 – 20, above, are incorporated herein as if fully set forth.

22. Defendants' conduct of threatening plaintiff with suit without any legal basis for doing so was false, deceptive, and misleading in violation of 15 U.S.C. §1692e(5).

23. As a result of defendants' conduct as set forth herein, plaintiff suffered actual damages, including violation of rights, emotional distress and mental anguish.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A. awarding plaintiff her actual damages pursuant to 15 U.S.C. §1692k(a)(1);

B. awarding plaintiff statutory damages of $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. awarding plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

D. awarding such further relief as shall be just and proper.

### COUNT II

**(Violations of 15 U.S.C. §1692e – No Legal Basis for Collection Activity)**

24. The allegations of paragraphs 1 – 23, above, are incorporated herein as if fully set forth.

25. By undertaking collection activity against plaintiff, bringing suit against plaintiff, and/or appearing for trial without evidence of the alleged debt and/or Commonwealth's

ownership of same, defendants used false representations and deceptive means to collect a debt in violation of 15 U.S.C. §1692e(10), and misrepresented the character and legal status of the debt in violation of 15 U.S.C. §1692e(2)(A).

26. As a result of defendants' conduct as set forth herein, plaintiff suffered actual damages, including violation of rights, emotional distress and mental anguish, and monetary loss.

> WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:
>
> A. awarding plaintiff her actual damages pursuant to 15 U.S.C. §1692k(a)(1);
>
> B. awarding plaintiff statutory damages of $1,000 pursuant to 15 U.S.C. 1692k(a)(2)(B);
>
> C. awarding plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);
>
> D. awarding such further relief as shall be just and proper.

<u>Class Claims</u>

COUNT III

**(Violation of 15 U.S.C. §1692e – Unlicensed Debt Collection)**

27. The allegations of paragraphs 1 – 20, above, are incorporated herein by reference as if fully set forth.

28. Since defendants were not licensed as debt collectors within the Commonwealth of Massachusetts, all of their collection activity directed toward plaintiff was false, deceptive, and/or misleading in violation of 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and §1692e(10).

29. As direct and proximate results of defendants' unlawful conduct as set forth herein, plaintiff suffered a violation of rights and actual damages, including emotional distress, mental anguish, and monetary loss.

## Class Allegations

30. Plaintiff brings Count III of this action on behalf of a class of persons similarly situated. The class consists of all Massachusetts residents who received a telephone call or telephone message from Commonwealth, and/or were sent a dunning letter by Commonwealth that was not returned to sender, in the course of Commonwealth attempting to collect on an alleged consumer debt within one (1) year of the filing of this action. Excluded from the class are persons who are or have been employees, agents, officers, or directors of defendants. On information and belief, the number of persons meeting these criteria is in the hundreds, if not thousands, and therefore the class is sufficiently numerous such that joinder is impracticable.

31. There are questions of law and fact common to the class, which questions predominate over any individual questions. The primary common question is whether defendants were licensed to carry out the business of a debt collector within the Commonwealth of Massachusetts.

32. Plaintiff's claim is typical of that of class members. Plaintiff was subjected to the same kind of conduct, and suffered similar kinds of harm, as that of class members.

33. Plaintiff will fairly and adequately represent and pursue the interests of class members. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the class. Plaintiff has selected counsel with substantial experience in consumer and class action litigation.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy, and there are no unusual or extraordinary factors which would render it unmanageable.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A. enjoining them from conducting or carrying on the business or activities of a debt collector until obtaining a good and valid license pursuant to G.L. c. 93, section 24A;

B. awarding plaintiff and class members their actual damages resulting from defendants' unlawful contacts pursuant to 15 U.S.C. §1692k(a)(1);

C. awarding plaintiff and class members statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D. awarding plaintiff and class members their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

E. awarding such further relief as shall be just and proper.

## COUNT IV

### (Violation of 15 U.S.C. §1692f – Unlicensed Debt Collection)

35. The allegations of paragraphs 1 – 20 and 28 - 34 above are incorporated herein as if fully set forth.

36. Since defendants were not licensed as debt collectors within the Commonwealth of Massachusetts, all of their collection activity directed toward plaintiff was unfair and/or unconscionable in violation of 15 U.S.C. §1692f.

## Class Allegations

37. Plaintiff brings Count IV of this action on behalf of a class of persons similarly situated. The class consists all Massachusetts residents who received a telephone call or telephone message from Commonwealth, and/or were sent a dunning letter by Commonwealth that was not returned to sender, in the course of Commonwealth attempting to collect on an alleged consumer debt within one (1) year of the filing of this action. Excluded from the class are persons who are or have been employees, agents, officers, or directors of defendants. On information and belief, the number of persons meeting these critieria is in the hundreds, if not thousands, and therefore the class is sufficiently numerous such that joinder is impracticable.

38. There are questions of law and fact common to the class, which questions predominate over any individual questions. The primary common question is whether defendants were licensed to carry out the business of a debt collector within the Commonwealth of Massachusetts.

39. Plaintiff's claim is typical of that of class members. Plaintiff was subjected to the same kinds of conduct, and suffered the same kinds of harm, as that of class members.

40. Plaintiff will fairly and adequately represent and pursue the interests of class members. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the class. Plaintiff has selected counsel with substantial experience in consumer and class action litigation.

41. A class action is superior to other methods for the fair and efficient adjudication of this controversy, and there are no unusual or extraordinary factors which would render it unmanageable.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A. enjoining them from conducting or carrying on the business or activities of a debt collector until obtaining a good and valid license therefore pursuant to G.L. c. 93, section 24A;

B. awarding plaintiff and class members their actual damages resulting from defendants' unlawful contacts pursuant to 15 U.S.C. §1692k(a)(1);

C. awarding plaintiff and class members statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) against defendants jointly and severally;

D. awarding plaintiff and class members their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

E. awarding such further relief as shall be just and proper.

## COUNT V

**(Violation of 15 U.S.C. §1692e – Unlawful Use of Term "Final Attempt")**

42. The allegations of paragraphs 1 – 20, above, are incorporated herein by reference as if fully set forth.

43. The letter sent to plaintiff by defendants dated April 27, 2005 (Exhibit A) stated in pertinent part: "In a **final attempt** to resolve this matter prior to the upcoming court hearing, we urge you to contact this office at your earliest convenience." (underline in original, bold emphasis added)

44. The above statement was false, misleading, and deceptive, insofar as plaintiff received a subsequent letter from Commonwealth dated May 12, 2005 (Exhibit B), which also indicated it was the "final attempt to resolve this matter prior to the upcoming court

10

hearing."

45. The letter of April 27, 2005 (Exhibit A) constituted a violation of 15 U.S.C. §1692e and §1692e(10).

### Class Allegations

46. Plaintiff brings Count V of this action on behalf of a class of persons similarly situated. The class consists all Massachusetts residents who, within one (1) year prior to the filing of this action, were sent a letter by Commonwealth which indicated it was a "final attempt" to resolve the debtor's alleged debt and who were sent one or more subsequent communications in an attempt to resolve the alleged debt. Excluded from the class are persons who are or have been employees, agents, officers, or directors of defendants. On information and belief, the conduct complained of has been a standard practice of defendants. Thus, the number of persons meeting the class critieria is in the hundreds, if not thousands, and the class is sufficiently numerous such that joinder is impracticable.

47. There are questions of law and fact common to the class, which questions predominate over any individual questions. The primary common question is whether defendants' use of the subject language under the circumstances was false, misleading, and/or deceptive in violation of FDCPA.

48. Plaintiff's claim is typical of that of class members. Plaintiff was subjected to the same kinds of conduct, and suffered the same kinds of harm, as that of class members.

49. Plaintiff will fairly and adequately represent and pursue the interests of class members. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the class. Plaintiff has selected

counsel with substantial experience in consumer and class action litigation.

50. A class action is superior to other methods for the fair and efficient adjudication of this controversy, and there are no unusual or extraordinary factors which would render it unmanageable.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A. enjoining them from falsely indicating or suggesting that a communication is a "final attempt" to resolve a matter;

B. awarding plaintiff and class members statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) against defendants jointly and severally;

C. awarding plaintiff and class members their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

D. awarding such further relief as shall be just and proper.

## Jury Demand

Plaintiff claims trial by jury on all claims and issues.

13

Respectfully submitted:
Isabelle C. Jackson,
Plaintiff

By her attorney:

_____
Kenneth D. Quat
BBO 408640
Law Office of Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com

# *Commonwealth Receivables, Inc.*

po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938

*EXTENDED HOURS:*
*mon-fri 8:00 a.m. – 8:00 p.m.*
*saturday 9:00 a.m. 5:00 p.m.*

C-811065.
ISABELLE C JACKSON
808 MEMORIAL DR  #B106
CAMBRIDGE, MA  02139

April 27, 2005

Re:    $1905.00 due and owing Commonwealth Receivables on
       UCNB Visa Card #4405-6003-0032-8408

    Civil Action #**05SC0764**
    **CAMBRIDGE DISTRICT COURT**

    **Our File #: C-811065**

Dear ISABELLE C JACKSON:

In a final attempt to resolve this matter prior to the upcoming court hearing, we urge you to contact this office at your earliest convenience.

Our representatives are willing to work with you on this matter prior to the court date.  However, failure to contact this office to resolve this matter will result in our pursuing any and all remedies available.

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Sincerely,

*Chad Goldst*

Chad Goldstone
President

L130

# *Commonwealth Receivables, Inc.*

**po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938**

*EXTENDED HOURS:*
*mon-fri 8:00 a.m. – 8:00 p.m.*
*saturday 9:00 a.m. 5:00 p.m.*

811065.
ISABELLE C JACKSON
808 MEMORIAL DR  #B106
CAMBRIDGE   MA 02139

May 12, 2005

Re:  $1905.00 due and owing Commonwealth Receivables on
UCNB Visa Card #4405-6003-0032-8408
Civil Action #05SC0764 CAMBRIDGE DISTRICT COURT

**Our File #: C-811065**

Dear Isabelle C Jackson:

In a final attempt to resolve this matter prior to the upcoming court hearing, we urge you to contact this office at your earliest convenience.

Our representatives are willing to work with you on this matter prior to the court date. However, failure to contact this office to resolve this matter will result in our pursuing any and all remedies available.

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Sincerely,

Chad Goldstone
President

L130

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ISABELLE C. JACKSON

### DEFENDANTS
Commonwealth Receivables, Inc
Chad E. Goldstone

(b) County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kenneth D. Quat, 9 Damonmill Sq., (#4A-4)
Concord MA 01742  978-369-0848

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- 1 U.S. Government Plaintiff
- **3 Federal Question** (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | **1** | 1 | Incorporated or Principal Place of Business In This State | 4 | **4** |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | **890 Other Statutory Actions** |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | **Habeas Corpus:** | 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- **1 Original Proceeding**
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692 (Fair Debt Collection Practices Act)

Brief description of cause: Unlawful debt collection practices

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ More Specified
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): None known.
JUDGE _____    DOCKET NUMBER _____

DATE: 6/28/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Isabelle C. Jackson v. Commonwealth Receivables, Inc._

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☐   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ☐   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.    150, 152, 153.

   Stamp: 05-11381-MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   _None known._

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Kenneth D. Quat_
ADDRESS _9 Damonmill Square, Suite 4A4, Concord MA 01742_
TELEPHONE NO. _978-369-0848_

(CategoryForm.wpd - 5/2/05)