# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISABELLE C. JACKSON,<br>On behalf of herself and all others<br>similarly situated,<br>          Plaintiff<br><br>v.<br><br>COMMONWEALTH RECEIVABLES, INC., and<br>CHAD E. GOLDSTONE,<br>          Defendants | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-11381-MLW<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT AND JURY CLAIM

### Introduction

Plaintiff brings this action to obtain redress for defendants' multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the Massachusetts Consumer Protection Act, General Laws Chapter 93A, Section 2. Plaintiff asserts both individual and class claims for relief. The class claims arise out of defendants' conduct in carrying out a debt collection business without having procured a license to do so as required by Massachusetts law, and deceptive statements made in dunning letters sent to consumer debtors.

### Parties

1. The Plaintiff, Isabelle C. Jackson, is an individual who at all times relevant to this complaint has resided in Cambridge, Middlesex County, Massachusetts.

2. Defendant Commonwealth Receivables, Inc. ("Commonwealth") is a Massachusetts corporation which, on information and belief, maintains a principal place of business in

Watertown, Massachusetts.   Commonwealth is engaged in the business of collecting debts in Massachusetts.

3.  Defendant Chad E. Goldstone ("Goldstone") is an individual who, on information and belief, resides either in the Commonwealth of Massachusetts or the State of Geogia.

## Jurisdiction and Venue

4.  This Court has subject matter jurisdiction of this action on the basis of 15 U.S.C. §1692(k)(d).   In addition, the Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear plaintiff's claims arising under state law.

5.  Commonwealth is subject to the jurisdiction of this Court since it is a Massachusetts corporation and maintains a principal place of business in the Commonwealth of Massachusetts.  Goldstone is subject to the jurisdiction of this Court since, on information and belief, he is a resident of the Commonwealth or was a resident of the Commonwealth during some or all of the time the subject conduct took place, and operated Commonwealth as his agent.  Venue is proper in this district since: (a) both the plaintiff and Commonwealth are situated in said district; (b) on information and belief, Goldstone resides in said district or resided in said district during some or all of the events alleged herein; and (c) a substantial part of the events and omissions giving rise to the claims occurred in this district.

## Factual Allegations Common to All Counts

6.  Commonwealth is a "debt collector" within the scope of 15 U.S.C. §1692a(6) and G.L. c. 93, section 24 in that it uses the mails in carrying on a business the principal purpose of which is the collection of debts as defined in said section.

7.   Commonwealth is a "debt collector" within the scope of 15 U.S.C. §1692a(6) and G.L. c. 93, section 24 in that it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.   On information and belief, Commonwealth buys consumer debts from various creditors after default, or is assigned said debts for purposes of collecting on same.

9.   On information and belief, Goldstone has been personally and directly involved in all aspects of the business operations of Commonwealth, including but not limited to the unlawful debt collection activities which are the subject of this lawsuit, and has formulated and implemented the policies and procedures which resulted in the violations of law set forth herein.  Goldstone is therefore jointly and severally liable with Commonwealth for all harm caused thereby.

10.   On information and belief, Goldstone has exercised control over Commonwealth such that it became his mere agent and instrumentality, and used Commonwealth to carry out unlawful debt collection activities as stated herein in order to enrich himself at the expense of plaintiff and class members.  Plaintiff further alleges, on information and belief, that Commonwealth lacks all or most indicia of a bona fide corporation insofar as it is not adequately capitalized, does not observe corporate formalities, does not have independent directors, and does not hold regular directors' or shareholder meetings. Moreover, only one person – to wit, Goldstone – occupies all executive positions of Commonwealth and utilizes same as his alter ego.   Accordingly, Goldstone is jointly and severally liable with Commonwealth for all harm resulting from the unlawful conduct alleged herein.

11.   On or after July 1, 2004, defendants began a course of debt collection activity directed toward plaintiff.

12.   According to defendants, the debt which was the subject of their collection activity against plaintiff arose out of plaintiff's ownership and/or use of a UCNB credit card, which account Commonwealth claimed to have acquired.

13.   The defendants' debt collection activity included, but was not limited to, sending letters to plaintiff regarding the alleged debt, telephoning the plaintiff regarding the alleged debt, and filing suit against plaintiff on the alleged debt in the Cambridge District Court.  Two of the letters sent to the plaintiff are appended hereto as Exhibits A and B.

14.   Massachusetts General Laws Chapter 93, Section 24A(a) provides in pertinent part:

> No person shall directly or indirectly engage in the Common-
> wealth in the business of a debt collector . . . without first obtaining
> from the commissioner a license to carry on the business. . . .

15.   Neither defendant was licensed as a debt collector by the Commissioner of Banks, Commonwealth of Massachusetts, at any time during the period they carried out debt collection activity against the plaintiff.

16.   Commonwealth brought suit against plaintiff on the alleged debt in the Cambridge District Court, Docket No. 2005-SC-764.

17.   Said suit was scheduled for trial on June 2, 2005.

18.   On June 2, 2005, plaintiff appeared at the Cambridge District Court and spoke to an attorney representing Commonwealth.

19.   In speaking to Commonwealth's attorney, plaintiff learned that the attorney did not have any documents in her file which showed that plaintiff ever possessed or used the credit card in question, or which showed that Commonwealth owned or otherwise was

entitled to bring suit on the alleged debt.

20.   Commonwealth's claim against plaintiff was dismissed by the Court after hearing.

### Individual Claims

### COUNT I

### (Violations of 15 U.S.C. §1692e – No Legal Basis for Threatening Suit)

21.   The allegations of paragraphs 1 – 20, above, are incorporated herein as if fully set forth.

22.   Defendants' conduct of threatening plaintiff with suit without any legally provable basis for collecting on the debt was false, deceptive, and misleading in violation of 15 U.S.C. §1692e(5).

23.    As a result of defendants' conduct as set forth herein, plaintiff suffered actual damages, including violation of rights, emotional distress and mental anguish.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A.  awarding plaintiff her actual damages pursuant to 15 U.S.C. §1692k(a)(1);

B.  awarding plaintiff statutory damages of $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.  awarding plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

**D.**  awarding such further relief as shall be just and proper.

## COUNT II

### (Violations of 15 U.S.C. §1692e – No Legal Basis for Collection Activity)

24.   The allegations of paragraphs 1 – 23, above, are incorporated herein as if fully set forth.

25.   By undertaking collection activity against plaintiff, threatening plaintiff with suit, bringing suit against plaintiff, and/or appearing for trial without having evidence of the alleged debt or Commonwealth's ownership of same, defendants used false representations and deceptive means to collect a debt in violation of 15 U.S.C. §1692e(10), and misrepresented the character and legal status of the debt in violation of 15 U.S.C. §1692e(2)(A).

26.   As a result of defendants' misconduct as set forth herein, plaintiff suffered actual damages, including violation of rights, emotional distress and mental anguish, and monetary loss.

   WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

   A.  awarding plaintiff her actual damages pursuant to 15 U.S.C. §1692k(a)(1);

   B.  awarding plaintiff statutory damages of $1,000 pursuant to 15 U.S.C. 1692k(a)(2)(B);

   C.  awarding plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

   D.  awarding such further relief as shall be just and proper.

## COUNT III

### (Violations of G.L. c. 93A, Section 2 – FDCPA Violations)

27.  The allegations of paragraphs 1 – 26, above, are incorporated herein by reference as if fully set forth.

28.  At all times relevant to this complaint, defendants were engaged in trade or commerce within the meaning of Massachusetts General Laws, Chapter 93A.

29.  Pursuant to 940 C.M.R., the above-described violations of FDCPA constituted unfair or deceptive acts and practices in violation of G.L. c. 93A, section 2.

30.  Defendants' unlawful conduct was willful and/or knowing in nature.

31.  As a result of defendants' unlawful conduct, plaintiff suffered actual damages, including violation of rights, emotional distress and mental anguish, and monetary loss.

32.  On June 28, 2005, plaintiff served on each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the unlawful acts complained of as set forth herein.

33.  The demands for relief were received by each defendant as evidenced by the signed return receipts.

34.  In a single letter dated July 25, 2005, each defendant responded through counsel to plaintiff's demand for relief.  However, said letter did not set forth a reasonable tender of settlement on behalf of either defendant.

35.  Defendants' failure to make a reasonable written tender of settlement in response to plaintiff's demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A.  awarding plaintiff compensatory damages or $25.00 per violation of G.L. c. 93A, section 2, whichever is greater;

B.  doubling or trebling plaintiff's damages pursuant to G.L. c. 93A, section 9;

C.  awarding plaintiff interest, costs and reasonable attorney's fees;

D.  awarding such further relief as shall be just and proper.

## COUNT IV

### (Violations of G.L. c. 93A, Section 2 – C.M.R. Violations)

36.  The allegations of paragraphs 1 – 35, above, are incorporated herein as if fully set forth.

37.  The above-described conduct by defendants constituted knowingly false or misleading statements regarding the character of the alleged debt and regarding the status of the alleged debt in a legal proceeding, all in violation of 940 C.M.R. 7.07(2) and G.L. c. 93A, section 2.

38.  Defendants' unlawful conduct was willful and/or knowing in nature.

39.  As a result of defendants' unlawful conduct, plaintiff suffered actual damages, including violation of rights, emotional distress and mental anguish, and monetary loss.

40.  On June 28, 2005, plaintiff served on each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the unlawful acts complained of as set forth herein.

41.  The demands for relief were received by each defendant as evidenced by the signed return receipts.

42.  In a single letter dated July 25, 2005, each defendant responded through counsel to

plaintiff's demand for relief.  However, said letter did not set forth a reasonable tender of settlement on behalf of either defendant.

43.   Defendants' failure to make a reasonable written tender of settlement in response to plaintiff's demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A.  awarding plaintiff compensatory damages or $25.00 per violation of G.L. c. 93A, section 2, whichever is greater;

B.  doubling or trebling plaintiff's damages pursuant to G.L. c. 93A, section 9;

C.  awarding plaintiff interest, costs and reasonable attorney's fees;

D.  awarding such further relief as shall be just and proper.

## Class Claims

## COUNT V

## (Violation of 15 U.S.C. §1692e – Unlicensed Debt Collection)

44.   The allegations of paragraphs 1 – 20, above, are incorporated herein by reference as if fully set forth.

45.   Since defendants were not licensed as debt collectors within the Commonwealth of Massachusetts, all of their collection activity directed toward plaintiff was false, deceptive, and/or misleading in violation of 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and §1692e(10).

46.  As direct and proximate results of defendants' unlawful conduct, plaintiff suffered a violation of rights and actual damages, including emotional distress, mental anguish, and monetary loss.

## Class Allegations

47.  Plaintiff brings Count V of this action on behalf of a class of persons similarly situated.  The class consists of all Massachusetts residents who, within one (1) year of the filing of this action: (a) received a telephone call or telephone message from Commonwealth, and/or (b) were sent any correspondence by Commonwealth which was not returned to sender, in the course of Commonwealth attempting to collect on an alleged consumer debt.   Excluded from the class are current and former employees, agents, officers, and directors of defendants.  On information and belief, the number of persons meeting these criteria is in the hundreds, if not thousands, and therefore the class is sufficiently numerous such that joinder is impracticable.

48.  There are questions of law and fact common to the class, which questions predominate over any individual questions.  The primary common questions are whether defendants were licensed to carry out the business of a debt collector within the Commonwealth of Massachusetts and, if not, whether its collection activities were therefore unlawful.

49.  Plaintiff's claim is typical of that of class members.   Plaintiff was subjected to the same kind of conduct, and suffered similar kinds of harm, as that of class members.

50. Plaintiff will fairly and adequately represent and pursue the interests of class members. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the class.  Plaintiff has selected

counsel with substantial experience in consumer and class action litigation.

51.   A class action is superior to other methods for the fair and efficient adjudication of this controversy, and there are no unusual or extraordinary factors which would render it unmanageable.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A.   enjoining them from conducting or carrying on the business or activities of a debt collector until and unless they are properly licensed pursuant to G.L. c. 93, section 24A;

B.   awarding plaintiff and class members their actual damages pursuant to 15 U.S.C. §1692k(a)(1), or in the alternative, ordering defendants to disgorge all monies obtained from plaintiff and class members as a result of their unlawful conduct;

C.   awarding plaintiff and class members statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D.   awarding plaintiff and class members their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

E.   awarding such further relief as shall be just and proper.

## COUNT VI

### (Violation of 15 U.S.C. §1692f – Unlicensed Debt Collection)

52.   The allegations of paragraphs 1 – 20 and 44 - 51 above are incorporated herein as if fully set  forth.

53.   Since defendants were not licensed as debt collectors within the Commonwealth of Massachusetts, all of their collection activity directed toward plaintiff was unfair and/or unconscionable in violation of 15 U.S.C. §1692f.

## Class Allegations

54.   Plaintiff brings Count VI of this action on behalf of a class of persons similarly situated.  The class consists all Massachusetts residents who, within one (1) year prior to the filing of this action: (a) received a telephone call or telephone message from Commonwealth, and/or (b) were sent any correspondence by Commonwealth that was not returned to sender, in the course of Commonwealth attempting to collect on an alleged consumer debt.  Excluded from the class are current and former employees, agents, officers, and directors of defendants.   On information and belief, the number of persons meeting these critieria is in the hundreds, if not thousands, and therefore the class is sufficiently numerous such that joinder is impracticable.

55.   There are questions of law and fact common to the class, which questions predominate over any individual questions.  The primary common question is whether defendants were licensed to carry out the business of a debt collector within the Commonwealth of Massachusetts and, if not, whether its collection activities were therefore unfair and/or unconscionable.

56.   Plaintiff's claim is typical of that of class members.   Plaintiff was subjected to the same kinds of conduct, and suffered the same kinds of harm, as that of class members.

57.  Plaintiff will fairly and adequately represent and pursue the interests of class members. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the class.  Plaintiff has selected

counsel with substantial experience in consumer and class action litigation.

58.  A class action is superior to other methods for the fair and efficient adjudication of this controversy, and there are no unusual or extraordinary factors which would render it unmanageable.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A.  enjoining them from conducting or carrying on the business or activities of a debt collector until and unless they are properly licensed pursuant to G.L. c. 93, section 24A;

B.  awarding plaintiff and class members their actual damages pursuant to 15 U.S.C. §1692k(a)(1), or, in the alternative, ordering defendants to disgorge all monies they have obtained from plaintiff and class members as a result of their unlawful collection activities;

C.  awarding plaintiff and class members statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D.  awarding plaintiff and class members their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

E.  awarding such further relief as shall be just and proper.

## COUNT VII

### (Violations of G.L. c. 93A, Section 2 – Unlicensed Debt Collection)

59.  The allegations of paragraphs 1 – 58, above, are incorporated herein as if fully set forth.

60.  At all times relevant to this complaint, defendants were engaged in trade or

commerce.

61.  The above-described conduct by defendants was unfair and/or deceptive in violation of G.L. c. 93A, section 2.

62.  Defendants' unlawful conduct was willful and/or knowing in nature.

63.  On June 28, 2005, plaintiff served on each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the unlawful acts complained of as set forth herein.

64.  The demands for relief were received by each defendant as evidenced by the signed return receipts.

65.  In a single letter dated July 25, 2005, each defendant responded through counsel to plaintiff's demand for relief.  However, said letter did not set forth a reasonable tender of settlement on behalf of either defendant.

66.  Defendants' failure to make a reasonable written tender of settlement in response to plaintiff's demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

## Class Allegations

67.   Plaintiff brings Count VII of this action on behalf of a class of persons similarly situated.  The class consists all Massachusetts residents who, within four (4) years prior to the filing of this action: (a) received a telephone call or telephone message from Commonwealth, and/or (b) were sent any collection letter by Commonwealth, which letter was not returned to sender, in the course of attempting to collect on a consumer debt.  Excluded from the class are current and former employees, agents, officers, and directors of defendants.   On information and belief, the conduct complained of has been a standard practice of defendants.  Thus, the number of persons meeting the class critieria

14

is in the hundreds, if not thousands, and the class is sufficiently numerous such that joinder is impracticable.

68.  There are questions of law and fact common to the class, which questions predominate over any individual questions.  The primary common question is whether debt collection activities carried out by Commonwealth without being properly licensed therefore were unfair and/or deceptive in violation of G.L. c. 93A, section 2.

69.  Plaintiff's claim is typical of that of class members.   Plaintiff was subjected to the same kinds of conduct, and suffered the same kinds of harm, as that of class members.

70.  Plaintiff will fairly and adequately represent and pursue the interests of class members. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the class.  Plaintiff has selected counsel with substantial experience in consumer and class action litigation.

71.   A class action is superior to other methods for the fair and efficient adjudication of this controversy, and there are no unusual or extraordinary factors which would render it unmanageable.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A.  enjoining them from conducting or carrying on the business or activities of a debt collector without being properly licensed pursuant to G.L. c. 93, section 24A;

B.  awarding plaintiff and class members compensatory damages, including but not limited to monies paid to Commonwealth  as a result of defendants' unlawful collection activities, or $25.00 per violation, whichever is greater; or,

in the alternative, ordering defendants to disgorge all monies they have obtained from plaintiff and class members as a result of their unlawful collection activities;

C.  doubling or trebling the amounts awarded pursuant to G.L. c. 93A, section 9;

D.  awarding plaintiff and class members interest, costs and reasonable attorney's fees;

E.  awarding such further relief as shall be just and proper.

## COUNT VIII

**(Violation of 15 U.S.C.  §1692e – Unlawful Use of Phrase "Final Attempt")**

72.  The allegations of paragraphs 1 – 20, above, are incorporated herein by reference as if fully set forth.

73.  The letter sent to plaintiff by defendants dated April 27, 2005 (Exhibit A) stated in pertinent part:  "In a **final attempt** to resolve this matter prior to the upcoming court hearing, <u>we urge you to contact this office at your earliest convenience</u>."  (underline in original, bold emphasis added)

74.  The above statement was false, misleading, and deceptive, insofar as plaintiff received a subsequent letter from Commonwealth dated May 12, 2005 (Exhibit B), which also indicated it was the "**final attempt** to resolve this matter prior to the upcoming court hearing." (emphases added)

75.  The letter of April 27, 2005 (Exhibit A) constituted a violation of 15 U.S.C. §1692e and §1692e(10).

**Class Allegations**

76.   Plaintiff brings Count VIII of this action on behalf of a class of persons similarly situated.  The class consists all Massachusetts residents who, within one (1) year prior to the filing of this action: (a) were sent a letter by Commonwealth that was not returned to sender and which indicated it was a "final attempt" to resolve the debtor's alleged debt; and (b) were subsequently contacted by Commonwealth prior to litigation in an attempt to resolve the alleged debt.  Excluded from the class are current and former employees, agents, officers, and directors of defendants.   On information and belief, the conduct complained of has been a standard practice of defendants.  Thus, the number of persons meeting the class critieria is in the hundreds, if not thousands, and the class is sufficiently numerous such that joinder is impracticable.

77.   There are questions of law and fact common to the class, which questions predominate over any individual questions.  The primary common question is whether defendants' use of the subject language under the circumstances was false, misleading, and/or deceptive in violation of FDCPA.

78.   Plaintiff's claim is typical of that of class members.   Plaintiff was subjected to the same kinds of conduct, and suffered the same kinds of harm, as that of class members.

79.  Plaintiff will fairly and adequately represent and pursue the interests of class members. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the class.  Plaintiff has selected counsel with substantial experience in consumer and class action litigation.

80.   A class action is superior to other methods for the fair and efficient adjudication of this controversy, and there are no unusual or extraordinary factors which would render it

unmanageable.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A. enjoining them from misrepresenting that a communication is a "final attempt" to resolve a matter;

B. awarding plaintiff and class members statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

C. awarding plaintiff and class members their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

**D.** awarding such further relief as shall be just and proper.

## COUNT X

**(Violations of G.L. c. 93A, Section 2 – Unlawful Use of Phrase "Final Attempt")**

81.  The allegations of paragraphs 1 – 80, above, are incorporated herein as if fully set forth.

82.  At all times relevant to this complaint, defendants were engaged in trade or commerce.

83.  The above-described conduct by defendants was unfair and/or deceptive in violation of G.L. c. 93A, section 2.

84.  Defendants' unlawful conduct was willful and/or knowing in nature.

85.  On June 28, 2005, plaintiff served on each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, section 9, which demand reasonably described the unlawful acts complained of as set forth herein.

84.  The demands for relief were received by each defendant as evidenced by the signed

return receipts.

86.  In a single letter dated July 25, 2005, each defendant responded through counsel to plaintiff's demand for relief.  However, said letter did not set forth a reasonable tender of settlement on behalf of either defendant.

87.  Defendants' failure to make a reasonable written tender of settlement in response to plaintiff's demand was in bad faith with knowledge or reason to know that the acts and practices complained of violated G.L. c. 93A, section 2.

## Class Allegations

88.  Plaintiff brings Count X of this action on behalf of a class of persons similarly situated.  The class consists all Massachusetts residents who, within four (4) years prior to the filing of this action: (a) were sent a letter by Commonwealth that was not returned to sender and which indicated it was a "final attempt" to resolve the debtor's alleged debt; and (b) were subsequently contacted by Commonwealth prior to litigation in an attempt to resolve the alleged debt.  Excluded from the class are current and former employees, agents, officers, and directors of defendants.   On information and belief, the conduct complained of has been a standard practice of defendants.  Thus, the number of persons meeting the class criteria is in the hundreds, if not thousands, and the class is sufficiently numerous such that joinder is impracticable.

89.  There are questions of law and fact common to the class, which questions predominate over any individual questions.  The primary common question is whether defendants' use of the subject language under the circumstances was unfair and/or deceptive in violation of G.L. c. 93A, section 2.

90.  Plaintiff's claim is typical of that of class members.  Plaintiff was subjected to the same kinds of conduct, and suffered the same kinds of harm, as that of class members.

91. Plaintiff will fairly and adequately represent and pursue the interests of class members. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the class. Plaintiff has selected counsel with substantial experience in consumer and class action litigation.

92.   A class action is superior to other methods for the fair and efficient adjudication of this controversy, and there are no unusual or extraordinary factors which would render it unmanageable.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment against defendants, jointly and severally:

A. enjoining them from misrepresenting that a communication is a "final attempt" to resolve a matter;

B. awarding plaintiff and class members $25.00 for each unlawful contact as set forth herein;

C. doubling or trebling said damages pursuant to G.L. c. 93A, section 9;

D. awarding plaintiff costs and reasonable attorney's fees;

E. awarding such further relief as shall be just and proper.

**Jury Demand**

Plaintiff claims trial by jury on all claims and issues.

Respectfully submitted:
Isabelle C. Jackson,
Plaintiff

By her attorney:


/s/Kenneth D. Quat
BBO 408640
Law Office of Kenneth D. Quat
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com

# *Commonwealth Receivables, Inc.*

### po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938

*EXTENDED HOURS:*
*mon-fri 8:00 a.m. – 8:00 p.m.*
*saturday 9:00 a.m. 5:00 p.m.*

C-811065 .

```
ISABELLE C JACKSON
808 MEMORIAL DR  #B106
CAMBRIDGE, MA  02139
```

April 27, 2005

Re:   $1905.00 due and owing Commonwealth Receivables on
UCNB Visa Card #4405-6003-0032-8408

Civil Action #**05SC0764**
**CAMBRIDGE DISTRICT COURT**

**Our File #: C-811065**

Dear ISABELLE C JACKSON:

In a final attempt to resolve this matter prior to the upcoming court hearing, <u>we urge you to contact this office at your earliest convenience</u>.

Our representatives are willing to work with you on this matter prior to the court date.  However, failure to contact this office to resolve this matter will result in our pursuing any and all remedies available.

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Sincerely,

*Chad Goldst*

Chad Goldstone
President

L130

# *Commonwealth Receivables, Inc.*

**po box 1370, framingham, ma 01701 / tel. 508-788-9269 / toll free 888-267-6880 / fax 508-788-6938**

*EXTENDED HOURS:*
*mon-fri 8:00 a.m. – 8:00 p.m.*
*saturday 9:00 a.m. 5:00 p.m.*

811065 .

```
ISABELLE C JACKSON
808 MEMORIAL DR  #B106
CAMBRIDGE  MA 02139
```

May 12, 2005

Re:   $1905.00 due and owing Commonwealth Receivables on
      UCNB Visa Card #4405-6003-0032-8408
      Civil Action #05SC0764 CAMBRIDGE DISTRICT COURT

**Our File #: C-811065**

Dear Isabelle C Jackson:

In a final attempt to resolve this matter prior to the upcoming court hearing, we urge you to contact this office at your earliest convenience.

Our representatives are willing to work with you on this matter prior to the court date.  However, failure to contact this office to resolve this matter will result in our pursuing any and all remedies available.

This letter and all communications from this office are attempts to collect the debt owed and any and all information obtained will be used for that purpose.

Sincerely,

Chad Goldstone
President

L130