UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISABELLE C. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   NO. 05 11381MLW |
| | ) |
| COMMONWEALTH RECEIVABLES, INC., | ) |
| CHAD E. GOLDSTONE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

### Introduction

To the extent that a response to this paragraph is necessary, the Defendants deny all allegations.

### Parties

1. The Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

2. Commonwealth Receivables, Inc. ("Commonwealth") admits that it is a Massachusetts corporation. Otherwise, denied.

3. Admitted.

### Jurisdiction and Venue

4. Denied.

5. Denied.

## Factual Allegations Common to All Counts

6.    Denied.

7.    Denied.

8.    Commonwealth admits that it purchases consumer debt, otherwise denied.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Commonwealth admits that it issued correspondence to the plaintiff and filed a complaint commencing a civil action, and that these documents speak for themselves, otherwise denied.

14.    This paragraph repeats out of context and in a misleading fashion a portion of a statutory provision. To the extent a response is required, denied.

15.    Commonwealth and Goldstone admit that they are not licensed by the Commissioner of Banks as debt collectors, because no such license is required.

16.    Commonwealth admits commencing a civil action that speaks for itself, otherwise denied.

17.    Commonwealth admits that the Cambridge District Court's records speak for themselves, otherwise denied.

18.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Commonwealth denies that it had no right or basis on which to file suit on the plaintiff's indebtedness.

20.     Commonwealth admits that the records of the Cambridge District Courts speak for themselves, otherwise denied.

### Individual Claims

### COUNT I
(Violations of 15 U.S.C. §1692c – No Legal Basis for Threatening Suit)

21.     The Defendants incorporate all of the preceding responses.

22.     Denied.

23.     Denied.

### COUNT II
(Violations of 15 U.S.C. §1692e –No Legal Basis for Collection Activity)

24.     The Defendants incorporate all of the preceding responses.

25.     Denied.

26.     Denied.

### Class Claims

### COUNT III
(Violation of G.L. c. 93A, Section 2 – FDCPA Violations)

27.     The Defendants incorporate all of the preceding responses.

28.     Denied.

29.     Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Commonwealth admits receiving correspondence, otherwise denied.

34.    The Defendants admit to responding to correspondence through counsel, otherwise denied.

35.    Denied.

## COUNT IV
(Violations of G.L. c. 93A, Section 2 – C.M.R. Violations)

36.    The Defendants incorporate all of the preceding responses.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Commonwealth admits receiving correspondence, otherwise denied.

42.    The Defendants admit to responding to correspondence through counsel, otherwise denied.

43.    Denied.

## Class Claims

## COUNT V
(Violation of 15 U.S.C. §1692e – Unlicensed Debt Collection)

44.    The Defendants incorporate all of the preceding responses.

45.    Denied.

46.    Denied.

## Class Allegations

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

## COUNT VI
(Violation of 15 U.S.C. §1652f – Unlicensed Debt Collection)

52.    The Defendants incorporate all of the preceding responses.

53.    Denied.

## Class Allegations

54.    Denied.

55.    Denied.

56.    Denied

57.    Denied.

58.    Denied.

## COUNT VII
(Violations of G.L. c. 93A, Section 2 – Unlicensed Debt Collection)

59.     The Defendants incorporate all of the preceding responses.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Commonwealth admits receiving correspondence, otherwise denied.

65.     The Defendants admit responding to correspondence through counsel, otherwise denied.

66.     Denied.

## Class Allegations

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

## COUNT VIII
(Violations of 15 U.S.C. §1692e – Unlawful Use of Phrase "Final Attempt")

72.     The Defendants incorporate all of the preceding responses.

73.     Commonwealth admits issuing correspondence to the Plaintiff that speaks for itself, otherwise denied.

74.     Denied.

75.    Denied.

## Class Allegations

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

## COUNT X
(Violations of G.L. c. 93A, Section 2 – Unlawful Use of Phrase "Final Attempt")

81.    The Defendants incorporate all of the preceding responses.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

84.(sic)  Commonwealth admits receiving correspondence, otherwise denied.

86.    The Defendants admit responding to correspondence through counsel, otherwise denied.

87.    Denied.

## Class Allegations

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

## AFFIRMATIVE DEFENSES

1.    This Court lacks jurisdiction.

2.    This action is barred due to the failure of service of process and the insufficiency of process.

3.    This action is barred by various doctrines of estoppel.

4.    This action is time barred, having been filed after the expiration of the governing limitations period.

5.    The Amended Complaint fails to state a cause of action upon which relief can be granted.

6.    The Defendants at all times acted reasonably, in good faith, and without negligence.

7.    Any theoretically actionable conduct by the Defendants was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

8.    Any harm or losses suffered by the plaintiff were caused by the plaintiff or by third persons over whom the Defendants had no control and for whom the Defendants are not responsible.

9.    The Defendants have caused the plaintiff no harm or damages.

10. The plaintiff never issued a proper demand as required by General Laws chapter 93A.

11. Neither Defendant has engaged in any unfair, deceptive, or misleading conduct.

12. The plaintiff was never deceived or misled by any conduct of the Defendants.

13. The plaintiff has admitted her liability to Commonwealth.

14. There is no basis on which Chad Goldstone can be held individually liable.

15. The Defendants and their actions are not covered by the Fair Debt Collection Practices Act ("FDCPA").

16. The Defendants are not creditors or debt collectors within the meaning of the FDCPA.

17. The Defendants were not attempting to collect a debt within the meaning of the FDCPA.

18. The plaintiff has suffered no actual damages, and no emotional distress.

19. The plaintiff is entitled to no statutory damages.

20. The plaintiff is entitled to no attorneys' fees.

21. There is no basis for class claims here, and the plaintiff cannot properly serve as class representative.

22. This action and all claims are frivolous, and were brought in bad faith for purposes of harassment.

## DEFENDANTS' COUNTERCLAIM

### Parties

1. The Plaintiffs–in–Counterclaim are Commonwealth Receivables, Inc. ("Commonwealth") and Chad Goldstone.

2. The Defendant-in-Counterclaim is Isabelle C. Jackson.

### Jurisdiction

3.    To the extent that this Court has jurisdiction over the claims by Jackson against Commonwealth and Goldstone, it also has jurisdiction over this counterclaim.

### COUNT I
### (Frivolous claims)

1.  Commonwealth and Goldstone incorporate all of the above allegations and responses from their answer, affirmative defenses, and this counterclaim.

2.  Commonwealth at all relevant times has been the owner of Jackson's indebtedness. No provision of Massachusetts law requires Commonwealth to obtain a license prior to engaging in collection--related activities concerning debts that it owns.

3.  After receiving notice from Commonwealth of its ownership of her outstanding obligation, Jackson communicated with Commonwealth, acknowledged her liability, and offered to settle her obligation.

4.  To settle her outstanding indebtedness and pursuant to her promise to Commonwealth, Jackson in November 2004 sent an electronic check in the amount of $300.00 to Commonwealth.  (A true and accurate copy of the check is attached as Exhibit A.)

5.  Commonwealth attempted to negotiate the check, and it bounced.  Commonwealth subsequently re-presented the check and it bounced again.

6.  Jackson by her words and actions has admitted being indebted to Commonwealth. Commonwealth provided Jackson repeated opportunities to honor her outstanding indebtedness and her promise to settle Commonwealth's claim, and she repeatedly failed to do so.

7.  Goldstone had no significant involvement in the matter of Jackson's indebtedness. His limited activity has been only in his capacity as an employee of Commonwealth acting in the name of Commonwealth.

8. Jackson herself never claimed to be confused or misled by the fact that Commonwealth does not hold a license, or by any of Commonwealth's correspondence.

9. Jackson has never made any payment to Commonwealth or to Goldstone.

10. Jackson has never been harmed by any acts or omissions of Commonwealth or Goldstone.

11. Jackson's suit and purported claims against Commonwealth and Goldstone are frivolous, and have been brought in bad faith and for purposes of harassment within the meaning of 15 U.S.C. §1692k(a)(3).

12. As a consequence of Jackson's frivolous suit and purported claims, Commonwealth and Goldstone have been damaged and have incurred costs and expenses, including attorneys' fees and other costs incurred in responding to extortionate claims and a lawsuit.

ACCORDINGLY, Commonwealth and Goldstone request judgment:

    a)    Dismissing the Amended Complaint against Commonwealth and Goldstone in its entirety;

    b)    In favor of Commonwealth and Goldstone on their counterclaim against Jackson;

    c)    Awarding Commonwealth and Goldstone damages on their counterclaim, and;

11

d)      Awarding Commonwealth and Goldstone interest, costs, attorneys' fees and such other and further relief as the Court may deem just.

THE DEFENDANTS DEMAND A TRIAL BY JURY.

COMMONWEALTH RECEIVABLES, INC.
and CHAD E. GOLDSTONE

By their attorney,

John J. O'Connor
BBO # 555251
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: August 23, 2005

PABOS2:JOCONNO:621149_1
14851-91319

12

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the attached Defendants' Answer and Counterclaim by first class mail on Kenneth D. Quat, Esquire, 9 Damonmill Square, Concord, MA 01472.

Dated: August 23, 2005

_____
John J. O'Connor

PABOS2:JOCON NO:621149_1
14851-91319

ISABELLE JACKSON
806 MEMORIAL DR. #8106
CAMBRIDGE, MA 02139
Ph: (617) 576-1033

107

DATE November 16, 2004

Pay To
The Order Of    Commonwealth Receivables, Inc.    $300.00

Three Hundred  Dollars and No Cents

FLEET BANK OF MASSACHUSETTS
BOSTON, MA 02199   (800) 841-4000

811065
ELR

by Commonwealth Receivables, Inc. authorized signatory for
ISABELLE JACKSON

⑆011000138⑆ 9491283084⑈ 107        ⑈000000300000⑈

FLEET

FOR DEPOSIT ONLY
COMMONWEALTH RECEIVABLES, INC.
ACCOUNT #749107941

FLEET.