UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ISABELLE C. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 05 11381MLW |
| | ) | |
| COMMONWEALTH RECEIVABLES, INC., | ) | |
| CHAD E. GOLDSTONE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIM

### Introduction

To the extent that a response to this paragraph is necessary, the Defendants deny all allegations.

### Parties

1.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

2.     Commonwealth Receivables, Inc. ("Commonwealth") admits that it is a Massachusetts corporation. Otherwise, denied.

3.     Admitted.

### Jurisdiction and Venue

4.     Denied.

5.     Denied.

Factual Allegations Common to All Counts

6.    Denied.

7.    Denied.

8.    Commonwealth admits that it purchases consumer debt, otherwise denied.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Commonwealth admits that it issued correspondence to the plaintiff and filed a complaint commencing a civil action, and that these documents speak for themselves, otherwise denied.

14.    This paragraph repeats out of context and in a misleading fashion a portion of a statutory provision. To the extent a response is required, denied.

15.    Commonwealth and Goldstone admit that they are not licensed by the Commissioner of Banks as debt collectors, because no such license is required.

16.    Commonwealth admits commencing a civil action that speaks for itself, otherwise denied.

17.    Commonwealth admits that the Cambridge District Court's records speak for themselves, otherwise denied.

18.    The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2

19.     The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Commonwealth denies that it had no right or basis on which to file suit on the plaintiff's indebtedness.

20.     Commonwealth admits that the records of the Cambridge District Courts speak for themselves, otherwise denied.

Individual Claims

COUNT I
(Violations of 15 U.S.C. §1692c – No Legal Basis for Threatening Suit)

21.     The Defendants incorporate all of the preceding responses.

22.     Denied.

23.     Denied.

COUNT II
(Violations of 15 U.S.C. §1692e –No Legal Basis for Collection Activity)

24.     The Defendants incorporate all of the preceding responses.

25.     Denied.

26.     Denied.

Class Claims

COUNT III
(Violation of G.L. c. 93A, Section 2 – FDCPA Violations)

27.     The Defendants incorporate all of the preceding responses.

28.     Denied.

29.     Denied.

30.     Denied.

31.    Denied.

32.    Denied.

33.    Commonwealth admits receiving correspondence, otherwise denied.

34.    The Defendants admit to responding to correspondence through counsel,

otherwise denied.

35.    Denied.

## COUNT IV
### (Violations of G.L. c. 93A, Section 2 – C.M.R. Violations)

36.    The Defendants incorporate all of the preceding responses.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Commonwealth admits receiving correspondence, otherwise denied.

42.    The Defendants admit to responding to correspondence through counsel,

otherwise denied.

43.    Denied.

## Class Claims

### COUNT V
### (Violation of 15 U.S.C. §1692e – Unlicensed Debt Collection)

44.    The Defendants incorporate all of the preceding responses.

4

45.     Denied.

46.     Denied.

<u>Class Allegations</u>

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

<u>COUNT VI</u>
(Violation of 15 U.S.C. §1652f – Unlicensed Debt Collection)

52.     The Defendants incorporate all of the preceding responses.

53.     Denied.

<u>Class Allegations</u>

54.     Denied.

55.     Denied.

56.     Denied

57.     Denied.

58.     Denied.

<u>COUNT VII</u>
(Violations of G.L. c. 93A, Section 2 – Unlicensed Debt Collection)

59.     The Defendants incorporate all of the preceding responses.

60.   Denied.

61.   Denied.

62.   Denied.

63.   Denied.

64.   Commonwealth admits receiving correspondence, otherwise denied.

65.   The Defendants admit responding to correspondence through counsel, otherwise

denied.

66.   Denied.

## Class Allegations

67.   Denied.

68.   Denied.

69.   Denied.

70.   Denied.

71.   Denied.

## COUNT VIII
(Violations of 15 U.S.C. §1692e – Unlawful Use of Phrase "Final Attempt")

72.   The Defendants incorporate all of the preceding responses.

73.   Commonwealth admits issuing correspondence to the Plaintiff that speaks for

itself, otherwise denied.

74.   Denied.

75.   Denied.

6

<u>Class Allegations</u>

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

<u>COUNT X</u>
(Violations of G.L. c. 93A, Section 2 – Unlawful Use of Phrase "Final Attempt")

81. The Defendants incorporate all of the preceding responses.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

84.(sic)  Commonwealth admits receiving correspondence, otherwise denied.

86. The Defendants admit responding to correspondence through counsel, otherwise denied.

87. Denied.

<u>Class Allegations</u>

88. Denied.

89. Denied.

7

90.    Denied.

91.    Denied.

92.    Denied.

## AFFIRMATIVE DEFENSES

1.    This Court lacks jurisdiction.

2.    This action is barred due to the failure of service of process and the insufficiency of process.

3.    This action is barred by various doctrines of estoppel.

4.    This action is time barred, having been filed after the expiration of the governing limitations period.

5.    The Amended Complaint fails to state a cause of action upon which relief can be granted.

6.    The plaintiff lacks standing.

7.    The Defendants at all times acted reasonably, in good faith, and without negligence.

8.    Any theoretically actionable conduct by the Defendants was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

9.    Any harm or losses suffered by the plaintiff were caused by the plaintiff or by third persons over whom the Defendants had no control and for whom the Defendants are not responsible.

10.    The Defendants have caused the plaintiff no harm or damages.

11.     The plaintiff never issued a proper demand as required by General Laws

Chapter 93A. (True and accurate copies of the plaintiff's purported demands of June 28 and

July 11 are attached as Exhibit A.)

12.     The plaintiff's purported demands do not state a monetary demand in settlement

of all claims, and therefore and otherwise do not comply with the requirements of Chapter 93A.

13.     The plaintiff did not comply with Chapter 93A's requirement of serving a demand

at least thirty (30) days prior to filing suit.

14.     Neither Defendant has engaged in any unfair, deceptive, or misleading conduct.

15.     The plaintiff was never deceived or misled by any conduct of the Defendants.

16.     The plaintiff has admitted her liability to Commonwealth.

17.     There is no basis on which Chad Goldstone can be held individually liable.

18.     The Defendants and their actions are not covered by the Fair Debt Collection

Practices Act ("FDCPA") or General Laws Chapter 93.

19.     The Defendants are not creditors or debt collectors within the meaning of the

FDCPA or Massachusetts law.

20.     The Defendants were not attempting to collect a debt within the meaning of the

FDCPA or Massachusetts law.

21.     The plaintiff has suffered no actual damages, and no emotional distress.

22.     The plaintiff is entitled to no statutory damages.

23.     The plaintiff is entitled to no attorneys' fees.

24.     There is no basis for class claims here, and the plaintiff cannot properly serve as

class representative.

9

25.     This action and all claims are frivolous, and were brought in bad faith for purposes of harassment.

## DEFENDANTS' COUNTERCLAIM

### Parties

1.     The Plaintiffs-in-Counterclaim are Commonwealth Receivables, Inc.

("Commonwealth") and Chad Goldstone.

2.     The Defendant-in-Counterclaim is Isabelle C. Jackson.

### Jurisdiction

3.     To the extent that this Court has jurisdiction over the claims by Jackson against Commonwealth and Goldstone, it also has jurisdiction over this counterclaim.

### COUNT I
### (Frivolous claims)

1.     Commonwealth and Goldstone incorporate all of the above allegations and responses from their answer, affirmative defenses, and this counterclaim.

2.     Commonwealth at all relevant times has been the owner of Jackson's indebtedness. No provision of Massachusetts law requires Commonwealth to obtain a license prior to engaging in collection–related activities concerning debts that it owns.

3.     After receiving notice from Commonwealth of its ownership of her outstanding obligation, Jackson communicated with Commonwealth, acknowledged her liability, and offered to settle her obligation.

4.     To settle her outstanding indebtedness and pursuant to her promise to Commonwealth, Jackson in November 2004 sent an electronic check in the amount of $300.00 to Commonwealth. (A true and accurate copy of the check is attached as Exhibit B.)

10

5.     Commonwealth attempted to negotiate the check, and it bounced.

Commonwealth subsequently re-presented the check and it bounced again.

6.     Jackson by her words and actions has admitted being indebted to Commonwealth.

Commonwealth provided Jackson repeated opportunities to honor her outstanding indebtedness

and her promise to settle Commonwealth's claim, and she repeatedly failed to do so.

7.     Goldstone had no significant involvement in the matter of Jackson's indebtedness.

His limited activity has been only in his capacity as an employee of Commonwealth acting in the

name of Commonwealth.

8.     Jackson herself never claimed to be confused or misled by the fact that

Commonwealth does not hold a license, or by any of Commonwealth's correspondence.

9.     Jackson has never made any payment to Commonwealth or to Goldstone.

10.     Jackson has never been harmed by any acts or omissions of Commonwealth or

Goldstone.

11.     Jackson's suit and purported claims against Commonwealth and Goldstone are

frivolous, and have been brought in bad faith and for purposes of harassment within the meaning

of 15 U.S.C. §1692k(a)(3).

12.     As a consequence of Jackson's frivolous suit and purported claims,

Commonwealth and Goldstone have been damaged and have incurred costs and expenses,

including attorneys' fees and other costs incurred in responding to extortionate claims and a

lawsuit.

### COUNT II
### (Abuse of Process)

13.     Commonwealth and Goldstone incorporate all of the above allegations and

responses from their answer, affirmative defenses, and this counterclaim.

11

14.    The plaintiff caused the filing of this suit and all related pleadings and process.

15.    The plaintiff filed this suit one day after issuing a purported 93A demand letter, and before Commonwealth and Goldstone had any chance to respond. The plaintiff withheld notice of the suit at that time.

16.    The plaintiff "corrected" her purported demand two weeks later. Less than thirty (30) days after issuing these letters, the plaintiff filed an amended complaint.

17.    Neither the purported demands nor the two complaints provide fair, good faith notice of the plaintiff's settlement position. Despite repeated requests from defense counsel, the plaintiff has refused to provide a good faith demand or engage in negotiations.

18.    The plaintiff filed this suit for ulterior, illegitimate purposes, including to harass, to extort money to which she is not entitled, and to cause Commonwealth and Goldstone to incur litigation-related costs and expenses.

19.    This suit has caused Commonwealth and Goldstone great harm and damage, including attorneys' fees and other litigation-related expenses.

20.    This suit is an abuse of process.

ACCORDINGLY, Commonwealth and Goldstone request judgment:

    a)    Dismissing the Amended Complaint against Commonwealth and Goldstone in its entirety;

    b)    In favor of Commonwealth and Goldstone on their Counterclaim against Jackson;

    c)    Awarding Commonwealth and Goldstone damages on their Counterclaim, and;

    d)    Awarding Commonwealth and Goldstone interest, costs, attorneys' fees and such other and further relief as the Court may deem just.

COMMONWEALTH AND GOLDSTONE DEMAND A TRIAL BY JURY.

COMMONWEALTH RECEIVABLES, INC.
and CHAD E. GOLDSTONE

By their attorney,

John J. O'Conner
BBO # 555251
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: August 30, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a copy of the attached Defendants' Answer and Counterclaim by first class mail on Kenneth D. Quat, Esquire, 9 Damonmill Square, Concord, MA 01472.

Dated: August 30, 2005

John J. O'Connor

PABOS2:JOCONNO:621149_1
14851-91319

**EXHIBIT A**

# KENNETH D. QUAT

*Attorney at Law*
9 Damonmill Square, Suite 4A-4
Concord MA 01742

---

Phone: 978-369-0848
Fax: 978-371-2296

ken@quatlaw.com

June 28, 2005

CERTIFIED MAIL –
RETURN RECEIPT REQUESTED

Chad E. Goldstone
45A Flanagan Drive
Framingham MA 01701

        **RE: Isabelle C. Jackson – Demand for Settlement Pursuant to G.L. c. 93A,**
            **Section 9.**

Dear Mr. Goldstone:

    This office represents Isabelle C. Jackson with respect to claims she has against you pursuant to section 9 of General Laws Chapter 93A, the Massachusetts Consumer Protection Act. This letter constitutes a demand for relief pursuant to said statute. Demand is made with respect to certain conduct on behalf of Ms. Jackson individually, and with respect to other conduct on behalf of Ms. Jackson individually and all others similarly situated.

## Demand on Behalf of Ms. Jackson Individually

    Earlier this year you and your company, Commonwealth Receivables, Inc. (hereafter, "Commonwealth"), brought suit against Ms. Jackson in the Small Claims Division of the Cambridge District Court, ostensibly to recover monies allegedly owed on a "UCNB" credit card. For a period of many months prior to that time, you and Commonwealth contacted Ms. Jackson on a regular basis in an ongoing attempt to collect money from her toward this alleged debt, which she denies owing. At no time did either you or Commonwealth provide Ms. Jackson with any evidence or documentation that she was responsible for this account, or that the company was the owner or assignee of same. The suit was scheduled for trial on June 2, 2005. On that day, Ms. Jackson appeared at the Cambridge District Court and spoke to an attorney who was representing Commonwealth. Ms. Jackson asked the attorney to produce evidence regarding the claim against her, which the attorney was not able to do. The case was heard by the Court and a judgment of dismissal entered in Ms. Jackson's favor.

Chad E. Goldstone
June 28, 2005
Page 2

It is Ms. Jackson's position that your conduct in attempting to collect the alleged debt from her, all without producing or being able to produce evidence that she was responsible for the alleged debt or that Commonwealth was the owner or assignee of the debt, constituted unfair and deceptive practices in violation of G.L. c. 93A, section 2. A knowingly false or misleading statement as to the character of the debt, or as to its status in a legal proceeding, violates 940 C.M.R. 7.07(2) and section 2 of G.L. c. 93A. You also violated section 2 by violating certain provisions of the Fair Debt Collection Practices Act: section 1692e(2)(A) of the Act, which prohibits misrepresenting the character or legal status of a debt, and section 1692e(5), which prohibits making threats (in this case, threats to sue) which cannot legally be taken. Violations of FDCPA are considered *per se* violations of G.L. c. 93A, section 2. *See* 940 C.M.R. 3.16.

In addition, Ms. Jackson contends that you violated G.L. c. 93A and are liable to her for the unlawful conduct of Commonwealth because you were personally and directly involved in said misconduct and, on information and belief, you formulated and implemented the policies and procedures which led to the misconduct.

As a result of being subjected to the above-described unlawful acts, Ms. Jackson suffered severe emotional distress, mental anguish, and monetary loss. Ms. Jackson's demand for relief pursuant to section 9 of G.L. c. 93A is payment of $7,500 (seven thousand five hundred dollars).

## Demands on Behalf of Ms. Jackson Individually and Others Similarly Situated

### A. Demand Due to Unlicensed Collection Activity

It appears that during the entire time you and Commonwealth conducted collection activity against Ms. Jackson, Commonwealth was a "debt collector" as defined by G.L. c. 93, section 24, yet was not licensed as such by the Commissioner of Banks as required by section 24A of the statute. Section 24H of the statute provides that a violation of section 24A constitutes an unfair and deceptive trade practice in violation of G.L. c. 93A, section 2. Accordingly, it is Ms. Jackson's position that each collection event undertaken against her by Commonwealth – including but not limited to telephone calls and dunning letters - violated Chapter 93A.

Demand for relief pursuant to Section 9 of G.L. c. 93A is made on behalf of Ms. Jackson and a class of persons similarly situated. Since it appears that Commonwealth has never been licensed as a debt collector in the Commonwealth of Massachusetts, the class is defined as all Massachusetts residents who within the past four (4) years: (a) received a telephone call or telephone message from Commonwealth regarding an alleged consumer debt; and/or (b) were sent any collection letter by Commonwealth regarding an alleged

Chad E. Goldstone
June 28, 2005
Page 3

consumer debt, which letter was not returned to sender. Excluded from the class are
persons who are or have been employees, agents, officers, or directors of you or
Commonwealth. Ms. Jackson contends that you violated G.L. c. 93A and are liable to her
and class members for the above-described unlawful conduct of Commonwealth because
you were personally and directly involved in said misconduct and, on information and
belief, you formulated and implemented the policies and procedures which led to such
misconduct. The demand for relief for each class member is a refund of monies paid to
Commonwealth as a result of said contacts (but before any litigation on the debt) or
payment of $25.00 for each contact, whichever is greater.

### B. Demand Due to Improper Use of Phrase "Final Attempt"

You and Commonwealth sent Ms. Jackson a letter dated April 27, 2005 regarding
the alleged debt, a true copy of which is appended hereto as Exhibit A. This letter specified
that it was a "*final attempt* to resolve this matter prior to the upcoming court hearing,"
which was scheduled for June 2. This statement was false, since Ms. Jackson received a
subsequent letter, dated May 12, 2005, which made the same representation. Exhibit B.
Accordingly, the April 27 letter was clearly unfair and deceptive in violation of G.L. c.
93A, section 2.

Demand for relief pursuant to Section 9 of G.L. c. 93A is made on behalf of Ms.
Jackson and a class of persons similarly situated. The class consists of all Massachusetts
residents who within four (4) prior to the date of this letter were sent a letter by you or
Commonwealth which indicated it was a "final attempt" to resolve the alleged debt and
who were sent one or more subsequent letters in an attempt to resolve the alleged debt.
Excluded from the class are persons who are or have been employees, agents, officers, or
directors of you or Commonwealth. The demand for relief is payment to class members of
$25.00 for each unlawful letter, as provided by G.L. c. 93A, section 9. Ms. Jackson
contends that you violated G.L. c. 93A and are liable to her and class members for the
above-described unlawful conduct of Commonwealth because you were personally and
directly involved in said misconduct and, on information and belief, you formulated and
implemented the policies and procedures which led to such misconduct.

With respect to each claim set forth herein, you have thirty (30) days from receipt
of this letter to make a reasonable written tender of settlement. With respect to the claim
asserted on behalf of a class, such tender of settlement should include a commitment to
proceed in good faith to reach a mutually acceptable settlement agreement and to seek court
approval of same within a reasonable time frame. It should also set forth: (i) a reasonable
proposed time frame for disclosing all relevant information concerning the size/composition
of the class and the nature and number of unlawful actions taken against class members;
(ii) an agreement for injunctive relief prohibiting the unlawful practices; (iii) an offer to pay
all reasonable notice and administration costs relating to the settlement; (iv) an offer to pay
reasonable counsel fees; and (v) an offer to pay a reasonable incentive award to plaintiff.

Chad E. Goldstone
June 28, 2005
Page 4

Should you fail to tender a reasonable written offer of settlement in a timely fashion and Ms. Jackson establishes in court that your conduct violated G.L. c. 93A, section 2, she (and all members of any certified class) will be entitled to recover actual damages or $25.00, whichever is greater, plus costs and reasonable attorney's fees. Should it be further established that your conduct was willful or knowing in nature, or that your failure to tender a reasonable offer of settlement was in bad faith with knowledge or reason to know that your conduct violated said section 2, then the court must award not less than two nor more than three times any actual damages or $25.00, whichever is greater, plus costs and reasonable attorney's fees.

I look forward to hearing from you or your attorney within thirty (30) days.

Very sincerely,



Kenneth D. Quat

Cc: J. Jackson

# KENNETH D. QUAT

*Attorney at Law*
**9 Damonmill Square, Suite 4A-4**
**Concord MA 01742**

---

**Phone: 978-369-0848**
**Fax: 978-371-2296**

ken@quatlaw.com

July 11, 2005

By fax and first class mail:
617-951-2125

John J. O'Connor, Esquire
Peabody & Arnold LLP
30 Rowes Wharf
Boston MA 02110

> **RE: Isabelle C. Jackson v. Commonwealth Receivables, Inc. and Chad E.**
> **Goldstone – Demands for Relief Pursuant to G.L. c. 93A**

Dear Mr. O'Connor:

This will acknowledge our phone conversation of last Friday, July 9, in which you introduced yourself as counsel for Commonwealth Receivables, Inc. and Chad E. Goldstone and inquired as to what Ms. Jackson "would take" in order to settle the claims set forth in her Chapter 93A demand letters dated June 28, 2005. I responded that we would consider your inquiry and report back to you.

In reviewing this file in response to your inquiry, it came to my attention that the letter sent to Mr. Goldstone misstated my client's settlement demand as to her individual claim. The amount set forth in the third paragraph of Page 2 of the letter should read "5,000 (five thousand dollars)" – i.e., the same demand made upon Commonwealth Receivables - not "$7,500 (seven thousand five hundred dollars)."

While Ms. Jackson appreciates what appears to be a sincere desire on the part of your clients to resolve this matter, it is her position that the settlement demands set forth in the June 28 letters to Commonwealth Receivables and to Mr. Goldstone (as corrected) are

John J. O'Connor, Esquire
July 11, 2005
Page 2

eminently reasonable. We therefore look forward to your formal response in accordance
with the statute.

Very sincerely,

Kenneth D. Quat

Cc: I. Jackson

2

**EXHIBIT B**

ISABELLE JACKSON
808 MEMORIAL DR. #5105
CAMBRIDGE, MA 02139
H: (617) 576-1033

107

DATE November 16, 2004

Pay To
The Order Of  Commonwealth Receivables, Inc.                    $300.00

Three Hundred  Dollars and No Cents

FLEET BANK OF MASSACHUSETTS
BOSTON, MA 02199    (800) 841-4000

811065
ELR

by Commonwealth Receivables, as authorized signatory for
ISABELLE JACKSON

⑆011000138⑆ 9491283084⑆ 107    ⑈000003000⑈

FLEET